IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE RAYMUN BENFORD, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-3600-B-BK |
| | § | |
| ONTRONICS, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 9. Upon consideration, this action should be **DISMISSED** *sua sponte* for Plaintiff's failure to timely serve Defendants with summonses and copies of his complaint.

**I. PROCEDURAL HISTORY**

On December 4, 2020, Plaintiff filed this action claiming gender discrimination and constructive discharge.[1] Doc. 3 at 4-6. He paid the filing fee and was thus responsible for serving summonses and copies of his complaint on Defendants within 90 days under Federal Rules of Civil Procedure 4(c) and 4(m). Nearly two months after this case was filed, the Court notified Plaintiff that he was responsible for service of process and that his case would be dismissed unless he completed service or showed good cause for failing to do so. Doc. 8. Nevertheless, Plaintiff has not filed proof of proper service on Defendants.

---

[1] Plaintiff also filed two amended complaints—the first on January 4, 2021, Doc. 5, and the second on January 26, 2021, Doc. 7.

## II. APPLICABLE LAW AND ANALYSIS

Rule 4(c) places the burden on a plaintiff to ensure that defendants are properly served with summonses and copies of the complaint. FED. R. CIV. P. 4(c)(1). Service must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice. FED. R. CIV. P. 4(m). And "when the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted).

As of the date of this recommendation, 544 days have passed since Plaintiff's original complaint was filed, but he has not complied with Rule 4(m), despite the Court's warning. Because Plaintiff has had ample opportunity to properly serve Defendant and has failed to show cause for his failure to do so, dismissal of this case without prejudice is appropriate. *See Wells v. Amazon*, No. 3:21-CV-1015-N-BK, 2021 WL 6335204, at *2 (N.D. Tex. Dec. 3, 2021) (Toliver, J.).

## III. CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SO RECOMMENDED** on June 1, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).